UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DAVID BURNS
KIM BURNS

      Plaintiff(s)

V.                        Case # **23-CV-7629**

M&R HOSPATILITY MANAGEMENT CORPORATION doing Business as RESIDENCE INN QUEENS LONG ISLAND CITY

STEVIE KAYE, CORPORATLEY AND INDIVIDUALLY

AYANA ISAAC, CORPORATLEY AND INDIVIDUALLY

**KOMITEE, J.**
**KUO, M.J.**

      Defendant(s)

## COMPLAINT FOR DAMAGES

      **COMES NOW, DAVID BURNS** and **KIM BURNS**, as the Plaintiffs files this complaint for Damages against the above captioned defendants and to wit.

### Statement of Subject Matter Jurisdiction

Plaintiff, **DAVID BURNS**, and **KIM BURNS** are of full age and majority.

DAVID BURNS is domiciled in the State of New York while KIM BURNS is domiciled in the State of Florida

Plaintiffs allege acts of personal injury as to Kim Burns and fraud with respect to David Burns and Kimi Burns collectively.

<u>Whereby the plaintiff suffered irreparable harm</u>

      Defendant, RESIDENCE INN QUEENS LONG ISLAND CITY a fictitious name used by Defendant, M&R HOSPATILITY MANAGEMENT CORPORATION

      Furthermore, M&R HOSPATILITY MANAGEMENT CORPORATION is at all times relevant herein the parent company of the RESIDENCE INN QUEENS LONG ISLAND CITY

made defendant herein and assumed all the liabilities, debts, and obligations of the RESIDENCE INN QUEENS LONG ISLAND CITY

Defendant STEVIE KAYE is the General Manager of the Property and acted in her official capacity and as Plaintiff will show, took actions out of the scope of normal business practices and guidance herein the case for personal liability.

Defendant AYANA ISAAC is the Assistant General Manager of the Property and acted in her official capacity and as Plaintiff will show, took actions out of the scope of normal business practices and guidance herein the case for personal liability.

Defendants own and operate a property known as RESIDENCE INN QUEENS LONG ISLAND CITY located at 38-39th Street, Long Island City, New York 11101

### Federal Jurisdiction and Venue

M&R HOSPATILITY MANAGEMENT CORPORATION doing
Business as RESIDENCE INN QUEENS LONG ISLAND CITY

STEVIE KAYE, CORPORATLEY AND INDIVIDUALLY

AYANA ISAAC, CORPORATLEY AND INDIVIDUALLY

are subject to the personal jurisdiction of this Court as said defendant

corporation is registered to do business and is doing business in the State of New York, and may be

served as follows:
38-39th Street, Long Island City, New York 11101

is subject to the personal jurisdiction of this Court as

said defendant corporation is registered to do business and are doing business in the State of New

York and may be served as follows:

Through its corporate officer: 38-39th Street, Long Island City, New York 11101

.

1. The venue is properly located in the United States District Court for the Eastern District of

New York because the venue lies in the judicial district of the property situs. The Defendants property is located in the Northern District of Texas and the Defendant conducts business within this judicial District

2. This Court has original jurisdiction in this action. This Court has been given original jurisdiction. over actions involving diversity. In this case the plaintiff(s) and defendant(s) are from different states and the amount in controversy is at least $150,000.00 28 U.S. Code § 1332 - Diversity of citizenship

## COUNT I – NEGLIGENCE OF DEFENDANTS

3. Plaintiff KIM BURNS has been a guest staying at the defendant's property since on August 5, 2023,

4. Plaintiff Kim Burns was seriously inured when she struck her head on a mounted microwave in the Room.

5. At all times material hereto, Defendant, had a non-delegable duty to maintain the subject premises in a reasonably safe condition.

6. At all times material hereto, Defendant, had a duty to inspect its premises for any dangerous conditions.

7. . At all times material hereto, Defendant, had a duty to warn of any known dangers or dangers it should have known about.

8. . At all times material hereto, Defendant, breached its duties owed to Plaintiff by committing one or more of the following omission and/or commissions:

a) Negligently failing to maintain or adequately maintain the room and food preparations area
, thus creating a hazard to members of the public utilizing said
premises, including the Plaintiff herein, thus creating an unreasonably
dangerous condition for Plaintiff

b) Negligently creating a hazard to members of the public utilizing said
premises, including the Plaintiff herein, thus creating an unreasonably

- 3 -

dangerous condition for Plaintiff;

c) Negligently failing to inspect or adequately inspect the flooring and/or plumbing, as specified above, to ascertain whether the floor, which was poorly maintained, constituted a hazard to patrons utilizing said area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d) Negligently failing to warn or adequately warn the Plaintiff of the danger of the microwave and food preperations, when Defendant knew or through the exercise of reasonable care should have known that said premises' flooring and/or plumbing was unreasonably dangerous and that Plaintiff was unaware of same;

e) Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the microwave and food preparation area, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the microwave and food preperations for dangerous conditions;

g) Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the microwave and food preparations area for dangerous conditions;

h) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i) Negligently failing to have adequate policies in place to identify dangerous conditions that may have existed relating to use of the microwave and the food preparations area knowledge of injuries.

j) Negligently failing to follow and/or enforce policies and procedures.

k) Negligently failing to assign specific associates/employees to the task of solely monitoring the microwave and food preparations area in the subject premises for dangerous conditions and correcting/remedying said conditions and/or

warning guests of said conditions;

l) Negligently failing to act reasonably under the circumstances;

m) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

n) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community

o) Negligently failing to install, maintain, and provide a safe enviornment within the subject premises;

p) Negligently selecting and/or utilizing a contractor that filed to take safety measures surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur in the vicinity of the microwave and food preparation area

9. . At all times material hereto, Defendant, , knew and/or should have known of the existence of the dangerous condition of its microwave and food preparations area.

10. As a result of Defendant breach(es), while Plaintiff was visiting Defendant, she was injured And suffered serious injuries.

11. The specific manner in which Plaintiff was injured was foreseeable to Defendant, and Defendant, , knew or should have known of the specific risks of harm to Plaintiff as a result of Defendant, negligence.

12. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation and/or activation of previously existing condition. The Plaintiff has already suffered from all of these injuries, damages, harms and losses in the past and they are either permanent or continuing and Plaintiff will continue to suffer from these injuries, damages, harms, and losses into the future.

## COUNT II FRAUD AND MISLEADING ADVERTISING

13. Plaintiffs allege that the defendants have violated the New York General Business Law § 349 ("Section 349") which applies applies to all businesses that engage in deceptive acts and practices

14. Plaintiffs DAVID BURNS and KIM BURNS allege that the defendants engaged in a pattern and Practice of false and misleading advertising to lure potential travelers into the hotel. Upon personal Experience the hotel has engaged in false and misleading advertising regarding services and amenities Offered at the property. The defendants have advertised the following services and amenities as being readily available at the property.

- Free Full American and Hot Breakfast - On more than one day breakfast was not available as your teams did not show up for work.
- Restaurant, the website shows an image of a restaurant/ bar that is not functional or open nor It open or operational during the plaintiffs staf.

15. Plaintiffs argue that claims are false and misleading to encourage guests to stay at the property.

16. Plaintiffs argue that the behavior is knowing willful and ongoing business practice to lure business to the hotel in order to increase profits.

17. Defendants has spent considerable time an effort in initiate the fraud and then continuing it.

18. Defendants have placed altered images and descriptions to show services that do not exist.

19. Plaintiffs allege that defendants have used the false advertisings to profit while design the Public by claiming services and amenities that did not exits at the time of the plaintiffs stay.

**Plaintiffs DAVID BURNS and KIM BURNS** are entitled to an amount in damages reasonably calculated to compensate them for the actions committed by the defendants, including but not limited to:

a. Past, present, and future mental pain, suffering, and anguish;

b. Compensatory damages

c. Punitive damages

d. Any and all other damages cognizable by the Constitution of the State of New York and the United States Constitution.

**WHEREFORE,** Plaintiffs DAVID BURNS and KIM BURNS and minor children and

Pray that the defendant (s)

**M&R HOSPATILITY MANAGEMENT CORPORATION doing Business as RESIDENCE INN QUEENS LONG ISLAND CITY**

**STEVIE KAYE, CORPORATLEY AND INDIVIDUALLY**

**AYANA ISAAC, CORPORATLEY AND INDIVIDUALLY**

be duly cited and served with a copy of this Original Complaint for Damages, made to appear and answer same, and that after all legal delays and due proceedings had, there be judgment herein in favor of your Plaintiffs, DAVID BURNS and KIM BURNS,

against:

**M&R HOSPATILITY MANAGEMENT CORPORATION doing Business as RESIDENCE INN QUEENS LONG ISLAND CITY**

**STEVIE KAYE, CORPORATLEY AND INDIVIDUALLY**

**AYANA ISAAC, CORPORATLEY AND INDIVIDUALLY**

for damages at $ 150,000.00 a reasonable amount together with pre-judgment legal interest thereon from the date of filing of this action, for all costs of these proceedings, including expert witness fees and reasonable attorney's fees, and for all general and equitable relief as this Honorable Court may deem proper and just.

Dated: 9/26/2023

Respectfully submitted,

DAVID BURNS
KIM BURNS
Pro Se Plaintiffs

_____
DAVID BURNS

_____
KIM BURNS
4628 Vernon Blvd
Suite # 119
Long Island City, NY  11101
david@davidsburns.com
david.burns.legal@famil.com
Tel: (202) 868-9535

United States District Court for the New York Eastern District

Clerks Office

225 Cadman Plaza East

Brooklyn, NY 11201

JS 44 (Rev. 4-99 FLSD) Case 1:23-cv-07629-EK-LKE  Document 1  Filed 10/04/23  Page 9 of 13 PageID #: 9

CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
David Burns and Kim Burns

### DEFENDANTS
M&R Hospaility Management Corp. d/b/a/ Resident Inn Queens Long Island City et all

(b) County of Residence of First Listed Plaintiff: **Queens**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Queens**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
David Burns as Pro Se
4628 Vernon Blvd, Suite 119, LIC NY 11101
202-868-9535

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

Does this action include a motion for temporary restraining order or order to show cause? Yes [ ] No [ ]

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**TORTS — PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [x] 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

**Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S. Code § 1332 - Diversity of citizenship

Brief description of cause:
Personal Injury and fraud

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 09/26/2023
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☑

I, _____, counsel for _____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐ monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐ the complaint seeks injunctive relief,

☐ the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 1(c)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?   ☐ Yes   ☑ No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?   ☐ Yes   ☑ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?   ☑ Yes   ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?   ☑ Yes   ☑ No
(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.
☐ Yes   ☑ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?
☐ Yes   (If yes, please explain   ☑ No

This action is brought to the by David Burns and Kim Burns as pro se plaintiffs.

I certify the accuracy of all information provided above.

Signature: _____

Last Modified: 11/27/2017

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | |
|---|---|
| David Burns , Kim Burns <br><br> *Plaintiff(s)* <br> v. <br> M&R HOSPATILITY MANAGEMENT COPR D/B/A RESIDENCE INN QUEENS LIC ET ALL <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* STEVIE KAYE, CORPORATLEY AND INDIVIDUALLY

38-39th Street, Long Island City, New York 11101

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
DAVID S BURNS
4628 VERNON BLVD
SUTE 119
LONG ISLAND CITY , NEW YORK 11101

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

BRENNA B. MAHONEY
*CLERK OF COURT*

Date: _____          _____
                                      *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

